NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHUN KWONG CHING, | : <br> : <br> : Civil Action No. 06-2492 (SRC) <br> Petitioner, : <br> : <br> v. : **O P I N I O N** <br> : <br> B.I.C.E./D.H.S., et al., : <br> : <br> Respondents. : |

**CHESLER, District Judge**

Petitioner, Chun Kwong Ching ("Ching"), is currently detained by the Department of Homeland Security ("DHS"), Bureau of Immigration and Customs Enforcement ("BICE") at the Hudson County Correctional Center in South Kearny, New Jersey, pending his removal from the United States. He filed this Amended Petition for a writ of habeas corpus under 28 U.S.C. § 2241, challenging his detention as indefinite and, therefore, unlawful and unconstitutional under Zadvydas v. Davis, 533 U.S. 678 (2001), and Clark v. Martinez, 543 U.S. 371 (2005).

**BACKGROUND**

This case arises from a Petition for a writ of habeas corpus filed by Ching on June 2, 2006. On November 29, 2006, this Court issued its Opinion and Order denying the Petition. On February 28, 2007, Ching moved for leave to reopen this case and to amend his Petition, which this Court granted.

**DISCUSSION**

A.  **Legal Standard**

28 U.S.C. § 2241(c)(3) states that a habeas corpus writ will not be extended to a prisoner unless "he is in custody in violation of the Constitution or laws or treaties of the United States."

Post-removal order detention is governed by 8 U.S.C. § 1231(a). Section 1231(a)(1) requires the Attorney General to attempt to effectuate removal within a 90-day "removal period." 28 U.S.C. § 1231(a)(6) permits continued detention if removal is not effected within 90 days. However, the Supreme Court has held that such post-removal-order detention is subject to a temporal reasonableness standard. Specifically, once a presumptively-reasonable six-month period of post-removal-order detention has passed, a resident alien must be released if he can establish that his removal is not reasonably foreseeable. Zadvydas, 533 U.S. at 678. The alien bears the initial burden of establishing that there is "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," after which the government must come forward with evidence to rebut that showing. Id. at 699-701.

B.  **Discussion**

Petitioner contends that his detention is indefinite and, therefore, unlawful and unconstitutional under Zadvydas. In response, Respondents contend that, because Petitioner failed to apply in good faith for travel documents necessary to his departure, his removal period has been suspended within the meaning of 8 U.S.C. § 1231(a)(1)(C), which states:

> Suspension of period. The removal period shall be extended beyond a period of 90 days and the alien may remain in detention during such extended period if the alien fails or refuses to make timely application in good faith for travel or other documents necessary to the alien's departure or conspires or acts to prevent the alien's removal subject to an order of removal.

Respondents argue that operation of this provision has extended the removal period and has placed this case outside the scope of Zadvydas.

In the responsive briefing regarding the first Petition, Respondents had alleged that Petitioner had failed to make timely application for necessary travel documents in good faith, but this Court rejected the argument because of the lack of supporting evidence beyond some vague notes from BICE files.  (Opinion of November 29, 2006 at 10-12.)  Now, Respondents contend that Petitioner himself has provided new evidence in support of their position.

Respondents contend that Ching has refused to cooperate in obtaining the travel documents necessary to effect his removal to Hong Kong.  In particular, Respondents allege that Ching acted to prevent his removal from the United States by telling Chinese Consul Zhang that he strongly wishes to remain in the United States, evidenced by Consul Zhang's December 4, 2006 letter.  (Amended Petition, Exhibit 3).  In the December 4 letter, Zhang stated that Ching "strongly request[s] to stay in the U.S. with his son and girl friend who are both United States citizens," and that, "it is my hope that the relevant authorities could take into consideration Mr. Ching's request to reunite with his family in the United States in the spirit of humanitarianism." (Id.).

These statements constitute persuasive independent evidence that Ching sabotaged his attempt to obtain travel documents to Hong Kong.  The Chinese Consul's statement shows that Petitioner failed to make application for travel documents in good faith.  As such, this triggers the operation of 8 U.S.C. § 1231(a)(1)(C), suspending and extending the removal period.

This leads to the legal question of whether <u>Zadvydas</u> applies to detentions extended by § 1231(a)(1)(C).  In <u>Zadvydas</u>, the Supreme Court addressed extension of the removal period by operation of a different provision, § 1231(a)(6).  The Court held that this provision "does not permit indefinite detention."  <u>Zadvydas</u>, 533 U.S. at 689.  Rather, the Court stated, "we read an implicit limitation into the statute before us.  In our view, the statute, read in light of the Constitution's demands, limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States."  <u>Id.</u>

This Court need not, however, determine whether the reasoning of <u>Zadvydas</u> should apply in a case involving § 1231(a)(1)(C) because the outcome is the same regardless.  Even if this Court found that the reasoning of <u>Zadvydas</u> should be extended to this provision, limiting the detention to a "period reasonably necessary" to bring about removal cannot ever result in freeing someone who has extended the period by failing to timely make good faith application for necessary travel documents.  As long as a detainee fails to make such application, the period reasonably necessary for removal continues.  The duration of the period cannot be unreasonable when the detainee is himself responsible for its length.  As such, Petitioner's arguments under <u>Zadvydas</u> are unavailing.  <u>See</u> <u>also</u> <u>Pelich v. INS</u>, 329 F.3d 1057, 1059 (9th Cir. 2003) (operation of § 1231(a)(1)(C) takes case outside the scope of <u>Zadvydas</u>).

## **CONCLUSION**

For the reasons set forth above, Petitioner's Amended Petition will be denied without prejudice. An appropriate order follows.

  s/ Stanley R. Chesler  
STANLEY R. CHESLER  
United States District Judge

Dated: August 16, 2007